UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LY HOANG ANH, | CASE NO. 2:26-cv-00907-DGE |
| Petitioner, | ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT et al., | |
| Respondents. | |

Before the Court is Petitioner Ly Hoan Anh's petition for writ of habeas corpus.  (Dkt. No. 7.)  Having reviewed the petition, the return memorandum (Dkt. No. 10), and all supporting materials, the Court DENIES Petitioner's writ of habeas corpus.

## I    BACKGROUND

### A.  Factual Background

Petitioner is a native and citizen of Vietnam.  (Dkt. No. 7 at 3.)  On or about May 6, 1990, Petitioner was admitted into the United States in Honolulu, Hawai'i as a refugee.  (Dkt.

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 1

Nos. 11 at 2; 12-1 at 5.)  On August 19, 1992, Petitioner became a Legal Permanent Resident. (Dkt. No. 11 at 2.)

On February 11, 1993, Petitioner was convicted in the Santa Clara County Superior Court of first-degree burglary in violation of California Penal Code § 459 and sentenced to two years of custody.  (Dkt. No. 12-1 at 4.)  On July 7, 1994, he was convicted in the Santa Clara County Superior Court for theft with a prior violation, in violation of California Penal Code § 666, and sentenced to two years of custody.  (*Id.*)  While in prison, Petitioner was issued an Order to Show Cause by the Immigration and Naturalization Service ("INS") (now the Department of Homeland Security, "DHS"), charging him as removable for being "convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct."  (Dkt. No. 12-2 at 2.)  Petitioner was ordered to appear before an immigration judge and was placed in deportation proceedings under the 1994 version of the Immigration and Nationality Act ("INA") Section 241(a)(2)(ii).  (*Id.*)

Deportation Officer Joseph Carnevale states that on February 22, 1995, after Petitioner was released from state custody, INS detained Petitioner for the pendency of his immigration proceedings.  (Dkt. No. 11 at 2.)  On April 25, 1995, an immigration judge denied Petitioner's claims for relief and ordered Petitioner to be deported to Vietnam.  (Dkt. No. 12-3 at 2.)  The order of the immigration judge indicates Petitioner waived his right to appeal (*id.*), meaning the order of removal became administratively final that day.  (Dkt. No. 11 at 2.)

On August 23, 1995, INS determined it could not obtain travel documents to Vietnam, so Petitioner was released on an order of recognizance ("OREC") that ordered him to report in person on the first Tuesday of every month at an INS office in San Francisco.  (Dkt. Nos. 11 at 3; 12-4 at 2.)  Then, on February 6, 1996, Petitioner was issued an Order of Supervision ("OSUP").

(Dkt. No. 12-5 at 2.)  An updated OSUP was issued on March 27, 2002 that ordered Petitioner to report in person the third Monday of every six-month period to an INA office in San Francisco. (Dkt. No. 12-6 at 2.)  Officer Carnevale declares Petitioner "has been on a continuous OSUP from February, 1996 until his most recent arrest" by Enforcement and Removal Operations ("ERO") in February 2026, as discussed below.  (Dkt. No. 11 at 3.)

On August 2, 2022, Petitioner was convicted in West Valley Justice Court in Utah of driving under the influence and was sentenced to 180 days.  (*Id.*; Dkt. No. 12-1 at 4.)  Then, on December 27, 2025, Petitioner was arrested for aggravated assault in West Valley City, Utah. (Dkt. No. 11 at 3.)  He was charged the next day with "Aggravated Assault – Non-Family Weapon[,]" but charges were dismissed with prejudice.  (Dk. No. 12-1 at 4.)  Office Carnevale states on December 28, 2025, DHS issued an "I-200, Warrant for Arrest of Alien, signed by a Supervisory and Detention Officer in West Valley City, Utah[.]"  (Dkt. No. 11 at 3.)  DHS issued an immigration detainer that same day.  (Dkt. No. 12-7 at 2–3.)

On February 14, 2026, DHS encountered Petitioner at the Salt Lake County Metro Jail, presumably after being released from his December 27, 2025 arrest.  (Dkt. No. 12-1 at 3.) Officer Carnevale declares, "ERO made a determination to detain Petitioner [after his release from state custody] based upon his recent criminal history and the improved odds of obtaining a travel document to Vietnam."  (Dkt. No. 11 at 3.)  On February 25, Petitioner was booked into the Northwest ICE Processing Center ("NWIPC").  (*Id.*)

On April 16, 2026, ERO "received translated documents in support of their Travel Document Request ('TDR') to send to the Vietnamese Embassy[,]" and will apparently send the TDR request to the embassy "in the next few days."  (*Id.*)  Officer Carnevale states based on

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 3

recent prior experience, "if DHS or the alien has documentation of Vietnamese citizenship, a travel document will be issued without an interview." (*Id.* at 4.)

### B. Procedural History

Petitioner first filed a motion for leave to proceed *in forma pauperis* ("IFP"), along with his proposed habeas petition pursuant to 28 U.S.C. § 2241, on March 16, 2026. (Dkt. No. 1.) The Court permitted Petitioner to proceed IFP (Dkt. No. 3) but simultaneously issued an order to show cause ordering Petitioner to name and serve the proper respondent so the Court would have jurisdiction over Petitioner's case. (Dkt. No. 5); *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024) ("[H]abeas petitioners challenging their present physical confinement [must] name their immediate custodian, the warden of the facility where they are detained, as the respondent to their petition."). Petitioner filed an amended petition for writ of habeas corpus on April 3, 2026, properly naming his custodian. (Dkt. No. 7.) The Court issued its standard scheduling order on April 7. (Dkt. No. 8.)

Though difficult to parse, Petitioner argues his detention violates Due Process and his "constitutionally protected Rights of Liberty Interest." (Dkt. No. 7 at 4.) He alleges violations of the Fifth, Thirteenth, and Fourteenth Amendments. (*Id.*) Further, he argues he must be released, because Vietnam will not "take [him] back" in the foreseeable future. (*Id.* at 3.) He requests to be released "under supervision under the Rule of Law." (*Id.* at 5.)

In response, Respondents argue Petitioner's detention is constitutionally and statutorily lawful because he is detained pursuant to 8 U.S.C. § 1231(a)(6), which is applicable to noncitizens who have committed certain crimes. (Dkt. No. 10 at 5.) Respondents assert Petitioner cannot challenge his detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he has been detained cumulatively for around five months, making his detention presumptively

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 4

reasonable for the time being. (*Id.* at 5–7.) Further, Respondents argue Petitioner is likely to be removed to Vietnam, because Vietnam has continued to travel documents to its citizens and ERO has received documents in Petitioner's case "in support of their TDR to send to the Vietnamese Embassy." (*Id.* at 8.) Finally, Respondents argue Petitioner's re-detention is compliant with Due Process because Petitioner has failed to show that the revocation of his OSUP was unconstitutional. (*Id.* at 9–11.) Petitioner did not file a traverse. This matter is now ripe for disposition.

## II    LEGAL STANDARD

### A. Petition for Writ of Habeas Corpus

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl. 2). To succeed on his habeas petition, Petitioner "must show [he] is in custody in violation of the Constitution or laws or treaties of the United States." *Doe v. Bostock*, No. C24-0326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024), *report and recommendation adopted*, No. C24-0326JLR-SKV, 2024 WL 2861675 (W.D. Wash. June 6, 2024) (citing 28 U.S.C. § 2241). Because habeas proceedings are civil in nature, the "[p]etitioner 'bears the burden of proving that he is being held contrary to law, . . . [and] he must satisfy his burden of proof by a preponderance of the evidence.'" *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025) (quoting *Freeman v. Pullen*, 658 F. Supp. 3d 53, 58 (D. Conn. 2023) (citations omitted)).

### B. Detention Under 8 U.S.C. § 1231

The detention, release, and removal of noncitizens subject to a final order of removal is governed by INA § 241, codified at 8 U.S.C. § 1231. The requirements of the statute take effect once a final order of removal of a non-citizen is entered by an immigration judge. The removal

period begins, relevant here, on "[t]he date the order of removal becomes administratively final[,]" *id.* § 1231(a)(1)(B), which in this case was April 25, 1995, when an immigration judge denied Petitioner's claims for relief and ordered Petitioner to be deported to Vietnam, and Petitioner waived his right to appeal. (Dkt. No. 12-3 at 2.)

The first 90-day period following the entry of the order of final removal is called the "removal period." *Id.* § 1231(a)(1)(A). Detention is mandatory during that period. *Id.* § 1231(a)(2). However, once the 90-day removal period has expired, continued detention is at the discretion of the Attorney General. *Id.* § 1231(a)(6). There is no statutory limit on the Attorney General's discretion to detain non-citizens beyond the 90-day period, but in *Zadvydas*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. As the *Zadvydas* Court recognized, "[a] statute permitting indefinite detention of [a noncitizen] would raise a serious constitutional problem [under] . . . [t]he Fifth Amendment's Due Process Clause." *Id.* at 690. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Id.* The *Zadvydas* Court concluded, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701.

### III    DISCUSSION

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. "The Fifth Amendment guarantees due process in deportation proceedings." *Torres-Aguilar v. I.N.S.*, 246 F.3d 1267, 1270 (9th Cir. 2001). Thus, the Supreme Court has held

"the Due Process Clause protects a[ ] [noncitizen] subject to a final order of deportation[.]" *Zadvydas*, 533 U.S. at 693–694 (2001) (citing *Wong Wing v. United States*, 163 U.S. 228, 238, (1896)).

*Zadvydas* "places the burden on the [noncitizen] to show, after a detention period of six months, that there is 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Pelich v. I.N.S.*, 329 F.3d 1057, 1059 (9th Cir. 2003) (quoting *Zadvydas*, 533 U.S. at 701). If the noncitizen meets this burden, then the respondents must "introduce evidence to refute that assertion." *Id.* (first citing *Zadvydas*, 533 U.S. at 701; and then citing *Xi v. I.N.S.*, 298 F.3d 832, 839–840 (9th Cir. 2002)); *see also Nadarajah v. Gonzales*, 443 F.3d 1069, 1082 (9th Cir. 2006) ("Given the unreasonable length of [petitioner's] detention, the unforeseeability of his removal, and the failure of the government to rebut his showing that there is no significant likelihood of removal in the reasonably foreseeable future, the government's continued detention violates federal law, as construed by the Supreme Court.").

Petitioner has not been detained for more than six months, and therefore cannot provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Petitioner's order of removal became final on April 25, 1995, when an immigration judge denied Petitioner's claims for relief and Petitioner waived appeal. (Dkt. Nos. 11 at 2; 12-3 at 2.) At that point, the 90-day mandatory detention period kicked in. 8 U.S.C. § 1231(a)(1)(A), (a)(2). Petitioner was detained until August 23, 1995, when he was released on an OREC and ordered to check in monthly. (Dkt. No. 12-4 at 2.) Petitioner was detained for approximately three months during this time. The record does not indicate Petitioner was in immigration detention again until February 14, 2026, when ERO

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 7

"detained Petitioner under INA § 241 after his release from criminal custody[]" in West Valley City, Utah.  (Dkt. Nos. 11 at 3; 12-1 at 3.)  Petitioner has been detained since then, for an additional 2.5 months approximately.  (Dkt. No. 7 at 2.)  Courts in this district have held that "where a petitioner has been detained and released by ICE multiple times after a final order of removal, 'the clock' on *Zadvydas*'s six-month period of presumptive reasonability does not re-start with each successive detention."  *Do v. Scott*, Case No. C25-2187RSL, 2025 WL 3470327, at *2 (W.D. Wash. Dec. 3, 2025).  This applies even in cases such as this, where aggregate detention periods are assessed "over the span of decades[.]"  *Phan v. Warden of Otay Mesa Det. Facility*, 813 F. Supp. 3d 1179, 1184 (S.D. Cal. 2025) (collecting cases).  Here, Petitioner's aggregate period of detention is roughly 5.5 months.  (*See* Dkt. Nos. 11 at 2–3; 12-1 at 3; 12-4 at 2.)

Petitioner argues only that his detention is in violation of Due Process because Vietnam will not "take [him] back[,]" which deprives him of his liberty interest.  (Dkt. No. 7 at 3–4.)  But he does not contend with the fact that his cumulative period of detention has not exceeded the confines of the six-month presumptively reasonable period as discussed in *Zadvydas*.  *See* 533 U.S. at 701; *Do*, 2025 WL 3470327, at *2.  While the Court appreciates that any amount of time in detention burdens an individual's personal freedom, Petitioner does not point to facts or legal authority that warrant a deviation from the *Zadvydas* framework.

Because Petitioner's claim fails under the first step of *Zadvydas*, the Court offers no opinion at this time whether Petitioner is likely to be removed to Vietnam in the near future. Once Petitioner's cumulative detention exceeds six months, it may be that Petitioner is able to establish his removal is unlikely to occur in the reasonably foreseeable future, despite

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 8

Respondents' assertions to the contrary.  (*See* Dkt. No. 11 at 3.)  However, Petitioner will need to file a new habeas petition at that point in time should he wish to further argue these issues.

Accordingly, Petitioner's petition for writ of habeas corpus is DENIED because Petitioner has not passed out of the six-month presumptively reasonable period and accordingly has not shown "there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.  The Court offers no comment on whether Petitioner may raise such an argument in a *new* habeas petition in the future if Petitioner believes he can satisfy his burden under *Zadvydas*.

**IV    CONCLUSION**

For the aforementioned reasons, Petitioner's petition for writ of habeas corpus (Dkt. No. 7) is DENIED without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 6th day of May 2026.



David G. Estudillo
United States District Judge

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS - 9